**James E. FRANKLIN, Petitioner**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

**No. 07–1505.**

United States Court of Appeals, District of Columbia Circuit.

July 8, 2008.

James E. Franklin, San Diego, CA, pro se.

BEFORE: GARLAND, BROWN, and GRIFFITH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This petition for review of an order of the Securities and Exchange Commission was considered on the briefs and the appendix filed by respondent. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the petition for review be denied. Petitioner may not collaterally attack the district court injunction underlying this enforcement action. *See Blinder, Robinson & Co. v. SEC,* 837 F.2d 1099, 1108 (D.C.Cir.1988). Moreover, his claims of Enforcement Division misconduct are either barred for failure to raise them before the Commission, *see* 15 U.S.C. § 78y(c)(1); *Stoiber v. SEC,* 161 F.3d 745, 754 (D.C.Cir.1998), barred for failure to raise them in his opening brief, *see Kimberlin v. United States Department of Justice,* 318 F.3d 228, 232 n. 4 (D.C.Cir.2003), or insufficient to establish "unclean hands" under the standard set out in his brief, *see* Petitioner's Brief at 16 (citing *SEC v. Follick,* 2002 WL 31833868 (S.D.N.Y. Dec. 18, 2002), for the proposition that agency misconduct must "be egregious and the resulting prejudice to the defendant [must] rise to a constitutional level" to support a defense of unclean hands against a government agency). Finally, his claim that the sanction at issue does not serve the public interest is barred for failure to raise it in his opening brief.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.